IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as court-appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>FREDRICK CALL, an individual; HOLLY CALL; an individual; THE FHC INTERVIVOS TRUST; FHC, LLC, a Utah limited liability company; TRANSNATION TITLE & ESCROW, INC., dba FIDELITY NATIONAL TITLE CO., a Delaware corporation,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:19-cv-00905-TC-DBP<br><br>Judge Tena Campbell |

Before the court is a motion for default judgment (ECF No. 26) filed by Plaintiff

Jonathan O. Hafen, the court-appointed Receiver over the assets of Rust Rare Coin, Inc., Gaylen

Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments

LLC (collectively, the Receivership Defendants). This action is ancillary to litigation involving

the Receivership Defendants. See Commodity Futures Trading Comm'n v. Rust Rare Coin,

No. 2:18-cv-892.

On November 14, 2019, the Receiver filed this action against Defendants Fredrick Call;

Holly Call; The FHC Intervivos Trust; and FHC, LLC (the Call Defendants); and against

Transnation Title & Escrow, Inc., dba Fidelity National Title Co. (Fidelity). (See Compl., ECF

1

No. 2.)  Answers were due at various times in January 2020.  (See Returns of Summons, ECF Nos. 8–12.)  But no Defendants filed an answer.  The Receiver moved for entry of default against all Defendants on July 19, 2024 (ECF No. 23), and the Clerk of Court entered default certificates on August 19, 2024 (ECF No. 24).

The Receiver now requests entry of judgment against the Defendants as follows: a judgment against the Call Defendants, jointly and severally, in the total amount of $624,890.84. This amount includes $481,700.44 in fraudulent and voidable transfers and $143,190.40 in prejudgment interest calculated at the rate of 5% per annum from October 10, 2018, the date that the last transfer was made to the Call Defendants.  The Receiver also requests a judgment against Fidelity in the total amount of $233,506.85.  This amount includes $180,000 in fraudulent and voidable transfers and $53,506.85 in prejudgment interest calculated at the rate of 5% per annum from October 10, 2018, the date that the last transfer was made to the Call Defendants.  The Receiver maintains that Fidelity is jointly and severally liable for this amount with the Call Defendants; the $233,506.85 judgment against Fidelity is therefore included in the $624,890.84 judgment against the Call Defendants.

For the following reasons, the court grants the Receiver's motion.

## LEGAL STANDARD

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process.  See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014).  If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default.  Id. (citing Fed. R. Civ. P. 55(a)).  "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment."  Id. (citing Fed. R. Civ. P. 55(b)(2)).

A trial court has broad discretion in deciding whether to enter a default judgment. Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)).  Furthermore, a plaintiff must establish that the amount of requested damages is reasonable under the circumstances.  DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009).  "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  Id. (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

## ANALYSIS

The Receiver supports his motion with a declaration from Jeffrey T. Shaw, CPA, CFE, CIRA.  (Decl. Jeffrey T. Shaw, Ex. A to Receiver's Mot. Default J., ECF No. 26-1.)  The court has carefully reviewed Mr. Shaw's declaration and supporting exhibits and agrees with his conclusions, a summary of which is included at Exhibits 2 and 3 to his declaration.

In or around August 2005, an investment account was opened for Rick and Holly Call with Gaylen Rust.  (Shaw Decl. ¶ 10.)  Beginning in May 2011, the alleged investment holdings in that account were converted to silver pool investments.  (Id. ¶ 12.)  The record contains a lack of evidence for $99,711 in contributions that the Defendants contend they made to the account (as many contributions were made before the time the Receiver was able to obtain bank records), but the Receiver has nevertheless allowed the full amount of those claimed contributions.  (Id. ¶¶ 13–14 & n.7.)

From June 2005 to October 2018, the Defendants received investment payments totaling $581,411.44 in the following amounts: Rick and Holly Call received investment payments in the

amount of $81,411.44 (see Exs. 5–10, 13–15, 23 to Shaw Decl., ECF No. 26-1); FHC, LLC received investment payments in the amount of $320,000 (see Exs. 11–12, 16–22, 24–63, 65 to Shaw Decl., ECF No. 26-1); and Fidelity received investment payments in the amount of $180,000, a payment that was made on behalf of the Calls in connection with a property purchase (see Ex. 64 to Shaw Decl., ECF No. 26-1).  Collectively, the Defendants therefore made total investment contributions of $99,711 and received total investment payments of $581,411.44, representing $481,700.44 of payments in excess of contributions.  The Receiver may appropriately recover this amount as a fraudulent transfer.

Furthermore, the court agrees with the Receiver that prejudgment interest from the date the investment payment was made—October 10, 2018—is appropriate here.  The Tenth Circuit has previously upheld the award of prejudgment interest at a rate of 5% per annum to a receiver for a fraudulent transfer claim because prejudgment interest "compensates for the loss of use of the money" and "[u]nder fairness and equity principles, prejudgment interest was proper."  Wing v. Gillis, 525 F. App'x 795, 801 (10th Cir. 2013); see also Miller v. Kelley, No. 1:12-cv-56, 2014 WL 5437023, at *7 (D. Utah Oct. 27, 2014).  This court has previously awarded prejudgment interest in ancillary actions to the Rust Rare Coin litigation.  See, e.g., Hafen v. Howell, No. 2:19-cv-813-TC, 2023 WL 5000944, at *5–7 (D. Utah Aug. 4, 2023).  The court therefore awards the receiver prejudgment interest at the rate of 5% per annum from October 10, 2018, the last day Rust Rare Coin made a payment on behalf of the Defendants.  The amount of prejudgment interest totals $143,190.40 on the full amount ($481,700.44) of the fraudulent transfer, and $53,506.85 as it relates to the $180,000 received by Fidelity.  Post-judgment

interest is also recoverable under 28 U.S.C. § 1961(a).

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1.      The Receiver's Motion for Default Judgment (ECF No. 26) is GRANTED.

2.      The court awards the Receiver $624,890.84, an amount that represents $481,700.44 in fraudulent and voidable transfers and $143,190.40 in prejudgment interest, against the Call Defendants, for which they are jointly and severally liable.  This amount includes the following award of $233,506.85 against Fidelity.

3.      The court awards the Receiver $233,506.85, an amount that represents $180,000 in fraudulent and voidable transfers and $53,506.85 in prejudgment interest, against Fidelity, who is jointly and severally liable with the Call Defendants for this amount.  This amount is included in the award of $624,890.84 against the Call Defendants.

4.      The court's judgment shall bear interest calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.  See 28 U.S.C. § 1961(a).

5.      Because the court enters judgment against all Defendants, the Clerk of Court is directed to close the case.

DATED this 19th day of September, 2024.

BY THE COURT:

Tena Campbell
United States District Judge

5